**FILED**

**MAY - 8 2019**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Wendolyn Lee, )
)
      Plaintiff, )
)
v. ) Civil Action No. 19-1231 (UNA)
)
)
Christerpher Craft *et. al.*, )
)
      Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

The instant complaint provides little in the way of a cohesive statement of facts. Plaintiff is a Tennessee state prisoner incarcerated in Memphis, Tennessee. Plaintiff accuses "criminal court Judge Chris Craft and Shelby County District Attorney Amy Weirich" of "fraud, conspiracy and aggravated assault in 2016" while plaintiff "was living in Washington, D.C." Compl. at 1. Thereafter, plaintiff's allegations consist of disjointed and incredible scenarios, which alone compels dismissal of the complaint. *See Hagans v. Lavine*, 415 U.S. 528, 536 (1974) (noting that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit") (internal quotation marks and citations omitted)).

Nevertheless, plaintiff's mere mention in the complaint's caption of the 4th, 6th and 14th amendments to the Constitution is wholly inadequate to invoke the court's federal question jurisdiction. Moreover, it is a "well-established rule" that in order for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). To that end, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference," *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004), and an "'allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction,'" *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)). Plaintiff has pled no facts from which the Court can ascertain plaintiff's citizenship and that of each defendant. Therefore, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: May 7th, 2019

_____
United States District Judge

2